# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| GLOBAL TOWER ASSETS, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Docket no. 1:14-cv-00085-GZS |
| | ) | |
| TOWN OF ROME, MAINE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

Presently before the Court are Plaintiffs' Motion to Alter or Amend Judgment with Incorporated Memorandum of Law (ECF No. 22) ("Motion for Reconsideration"), Plaintiffs' Motion for Leave to Supplement the Record with New Information Relevant to Plaintiffs' Rule 59(e) Motion (ECF No. 24), and Defendants' Motion to Supplement Opposition to Plaintiffs' Motion for Leave to Supplement the Record with New Information Relevant to Plaintiffs' Rule 59(e) Motion (ECF No. 27). For the reasons briefly stated herein, the Court hereby DENIES the Motion for Reconsideration and deems the other two Motions MOOT.

In this litigation, Plaintiffs Global Tower Assets, LLC and Northeast Wireless Networks, LLC brought a case alleging violations of the Telecommunications Act, 47 U.S.C. § 332(c), among other federal and state causes of action. On July 31, 2014, this Court granted a motion to dismiss for failure to state a claim to the extent the Complaint asserted causes of action for violations of 47 U.S.C. §§ 332(c)(7)(B)(i)(I), 332(c)(7)(B)(i)(II), and 332(c)(7)(B)(iii) and Plaintiffs' due process rights under the United States Constitution. (See Order on Motion to Dismiss (ECF No. 19) ("July 31st Order") at 11-19.) The Court declined to exercise supplemental jurisdiction over

the remaining state-law claims.  (Id. at 20.)  Through the present Motion, Plaintiffs ask the Court to reconsider its July 31st Order dismissing the Complaint and for permission to amend the Complaint.  In the alternative, Plaintiffs request that this Court issue an order extending the 60-day deadline for administrative appeals, such as the decision by the Town of Rome Planning Board, as provided under Maine law.

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) provides a court with an opportunity to correct "manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) (providing that Rule 59(e) motions must either "clearly establish a manifest error of law or present newly discovered evidence").  The First Circuit has noted that it is difficult for a party to prevail on a Rule 59(e) motion.  See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).  "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).  A party is not permitted to raise new legal arguments or evidence on a Rule 59(e) motion for reconsideration.  Landrau-Romero, 212 F.3d at 612.  Further, a motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected.  Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990).

In the present case, Plaintiffs have failed to sustain their burden.  Plaintiffs have not pointed to any manifest errors of law or fact, nor have they proffered any newly discovered evidence that was not previously available to cast doubt on the Court's July 31st Order.  Instead, Plaintiffs use the Motion to present arguments that were available prior to the Court's entry of the July 31st

Order and to raise arguments previously rejected by the Court. Accordingly, the Court declines to exercise the extraordinary remedy of granting reconsideration, re-opening this case and allowing Plaintiffs to amend their Complaint. See Landrau-Romero, 212 F.3d at 612 (stating that "[a]s [plaintiff's] tolling argument was available to him before judgment was entered, he could not raise it under Rule 59(e)"). The Court also declines to issue an order extending the 60-day deadline for filing an administrative appeal. Therefore, the Motion for Reconsideration (ECF No. 22) is DENIED. Because the Court denies the Motion for Reconsideration, it deems the Motions to Supplement (ECF Nos. 24 & 27) MOOT.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 30th day of December, 2014.